IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 2:16-CR-070-D |
| VS. | § | |
| | § | |
| RUSSELL TIM SHEN, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses motions for discovery filed by defendants Russell Tim Shen ("Shen") and Ernesto Esteve ("Esteve"), and the government.[1] Shen, Esteve and Andre Jorge Hernandez ("Hernandez") are charged with the offense of conspiracy to distribute and possess with intent to distribute marihuana, in violation of 21 U.S.C. § 846; and Shen and Hernandez are also charged with the offense of distribution and possession with intent to distribute marihuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and aiding and abetting, in violation of 18 U.S.C. § 2.

The following motions are pending for decision: Shen's October 19, 2016 discovery motion; Shen's February 17, 2017 motion for specific discovery; Shen's February 21, 2017 second motion for specific discovery; Esteve's October 20, 2016 discovery motion; Esteve's October 20, 2016 motion for specific discovery and inspection under Rule 16(a)(1)(G);

_____

[1]Shen and Andre Jorge Hernandez have also filed motions to suppress that are set for an evidentiary hearing. These motions will be decided separately.

Esteve's October 20, 2016 discovery motion—extraneous acts; and the government's February 21, 2017 motions for discovery, addressed to each defendant. The trial of this case is set for July 10, 2017.

I

In Shen's October 19, 2016 discovery motion, he moves for 13 categories (including subcategories) of discovery. The court has organized some of Shen's categories of evidence into subcategories for purposes of this memorandum opinion and order.

A

*Rule 16 Evidence*

In requests Nos. 1-3, 11, and 12, Shen requests that the government be ordered to disclose information or evidence as required by Fed. R. Crim. P. 16(a)(1)(A)-(D). In request No. 1, Shen requests that the government be ordered to disclose any oral, written, or recorded statements made by Shen within the possession, custody, or control of the government, including any statements made to government agents or law enforcement officers before or after Shen's arrest. Shen requests in request No. 2 that the government be ordered to disclose all books, papers, documents, photographs, tangible objects, or copies or portions thereof, within the possession, custody, or control of the government that are material to the preparation of Shen's defense, or are intended to be used in the government's case-in-chief, or were obtained from or belong to Shen. This request includes any checks and other securities, computers, programs, software, diskettes, printers, check stock, counterfeit payroll, chemicals, fingerprints, handwriting exemplars, identification, bank statements, and

- 2 -

other potential evidence.  In request No. 3, Shen requests that the government be ordered to disclose any results or reports of all physical or mental examinations and of scientific tests or experiments conducted by the federal or state government in connection with the investigation of this case, and any related state investigation of Shen, including all fingerprints or handwriting reports, and results compiled by, and who examined, known fingerprints, palm prints, or handwriting exemplars of Shen and compared them to questioned specimens.  This request includes any chemical analysis of narcotics and reports generated from tests, and a request to review the reports of polygraph tests administered to participating government informants.[2]  Shen requests in request No. 11 that the government be ordered to disclose any information or evidence gained by electronic surveillance, including wiretaps, videotapes, and tape recorded conversations, or the like, concerning Shen, any alleged coconspirators or codefendants, and/or any witness.  In request No. 12, Shen requests that the government be ordered to disclose a copy of his prior criminal record, including the disposition of the cases.

To the extent that Shen requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(D), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted.  To the extent his requests exceed what is required by these authorities, the motion is denied.  The government need not produce any

---

[2]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § VII.

## B

### *Impeachment Evidence*

Shen requests in request No. 4 that the government be ordered to disclose any evidence that may be used to impeach any government witness, including any evidence that may be used to substantially impeach the credibility of any key government witness and any government witness' prior criminal record or other prior material acts of misconduct. In request No. 5, Shen requests that, pursuant to Fed. R. Evid. 613, the government be ordered to disclose all information that it has regarding inconsistent statements of any witness it may call at trial. In request No. 6, Shen requests that, pursuant to Fed. R. Evid. 607 and 608, the government be ordered to disclose any information regarding the untruthfulness of any government witness that it may call at trial. He requests in request No. 7 that the government be ordered to disclose any information known to the government, or that may become known by searching its files and the files of other government agencies, regarding the use of narcotics by any government witness at the time of events or at the trial, and any psychiatric examinations administered to any informant witness.[3]

To the extent Shen requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is

---

[3]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

granted.  To the extent his requests exceed what is required by these authorities, the motion is denied.

C

*Government Investigation Notes*

In request No. 8, Shen requests that the government be ordered to disclose any notes, tapes, and/or memoranda made by a government agent, including any person who may have been acting as an informer, or in an investigative or undercover capacity.[4]  Shen also requests that, if such notes, tapes, and/or memoranda were once in existence but have since been destroyed, the government be ordered to disclose the purpose and exact information surrounding their destruction, and if such items have not been destroyed, the government be ordered to preserve such items.

To the extent Shen requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted.  To the extent his requests exceed what is required by these authorities, the motion is denied.  The court grants Shen's request that the government be required to preserve such notes, tapes, and/or memoranda, even if such materials are not disclosed to Shen.

---

[4]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

D

*Government Communications to Shen*

In request No. 9, Shen requests that the government be ordered to disclose whether any government agent, informer, or anyone else acting at the direction of the government has communicated with him since the commencement of adversarial proceedings against him in this case or any related state case. Shen further requests that the government be ordered to disclose the identification of any such individuals and details regarding the circumstances of such communications, as well as any statements made by him or any government agent.

If the government has used an informant in investigating or prosecuting Shen, it must notify the court *in camera* no later than May 10, 2017. With respect to other individuals, to the extent Shen requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § VII.

E

*Witness Statements*

In request No. 10, Shen requests that the government be ordered to disclose any witness statements at least 48 hours before the witness testifies at trial or at any sentencing hearing. Shen requests disclosure of any witness' prior testimony (such as grand jury testimony), prior written statements, and reports or notes, any reports of prior oral statements,

and any prosecutor's notes concerning witness statements, that have been or may be adopted, approved, or verified by the witness. Shen also requests that the government be ordered to produce any exculpatory witness statements, negative exculpatory witness statements, and evidence concerning narcotic habits or psychiatric treatment of any government witness. Shen also seeks to discover the personnel files of any government witness that may contain evidence material to the preparation of a defense or contain *Brady* or *Giglio* material.

To the extent Shen requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The court denies Shen's request regarding the production deadline for witness statements. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id.* Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § VII.

F

Brady *Material*

Shen requests in request No. 13 that the government be ordered to disclose any exculpatory and favorable evidence, as required by *Brady*, known to the government, or any other persons working with the government, or that may become known with due diligence. Shen lists 12 subcategories of evidence that he maintains would be exculpatory. He also requests that the government's attorney examine his files and question the government's agents, informants, or other persons working with the government in this case concerning their knowledge of any such evidence or materials. Shen also requests that he be allowed to question the government's attorney and agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

To the extent Shen requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent his requests exceed what *Brady* requires, the motion is denied.

II

In Shen's February 17, 2017 motion for specific discovery, he moves under Rule 16 and *Brady* for discovery related to the cellular phone records of Officer Coy Teichelman ("Officer Teichelman") (including texts, emails, photographs, and phone calls), data from his in-car computer, video from his patrol vehicle or body cameras, and his employment records. The court will address each subcategory in turn.

## A

*Cellular Phone Records*

Shen requests the cellular phone records of the phones used by Officer Teichelman from one hour prior to the traffic stop and arrest until one hour afterward, including texts, emails, photographs, and phone calls.

The government responds that Officer Teichelman did not have a city-issued cellular phone, and that his personal phone has since been routinely replaced and discarded, so no records are available. The government states that Officer Teichelman called Drug Enforcement Administration Special Agent Shane Reese to notify him of the drug seizure, but neither Officer Teichelman nor Childress Police Department ("CPD") has a record of the call. The government states that it will produce additional responsive documents and information if it obtains them.

To the extent Shen's request falls within the scope of Rule 16, the Jencks Act, *Brady*, or *Giglio*, because the government has agreed to produce responsive documents and information, the motion is denied as moot. Insofar as the government has already made a required disclosure, the motion is likewise denied as moot. To the extent Shen's requests exceed what the government is obligated to produce under these authorities, the motion is denied.

## B

### *In-Car Computer Data*

Shen requests the data from Officer Teichelman's in-car computer.

The government responds that Officer Teichelman's patrol vehicle was not equipped with an in-car computer on the date of Shen's arrest (March 15, 2014) because CPD did not begin using in-car computers until 2015.

Because the requested data does not exist, Shen's motion is denied as moot.

## C

### *Patrol Vehicle and Body Camera Videos*

Shen requests the videos from Officer Teichelman's patrol vehicle and body camera on the date of Shen's arrest (March 15, 2014) from the beginning of Officer Teichelman's shift until the stop of Shen.

The government responds that the camera in Officer Teichelman's patrol vehicle did not record on a continual basis, but only when a stop was being made. The government states that it has already produced to Shen its only video from Officer Teichelman's patrol vehicle on that date, and that all other video was routinely deleted after 90 days due to limited storage capacity. The government also responds that Officer Teichelman did not wear a body camera.

To the extent Shen's request falls within the scope of Rule 16, the Jencks Act, *Brady*, or *Giglio*, because the government has agreed to produce responsive documents and information, the motion is denied as moot. Insofar as the government has already made a

required disclosure, the motion is likewise denied as moot.  To the extent his requests exceed what the government is obligated to produce under these authorities, the motion is denied.

## D

### *Employment Records*

Shen requests Officer Teichelman's employment records, including training, performance evaluations, and written reprimands.

The government objects to this request and contends that the request seeks the production of documents and information beyond what is required by Rule 16, *Brady* and its progeny, and other relevant authority.

To the extent Shen's request falls within the scope of Rule 16, the Jencks Act, *Brady*, or *Giglio*, the motion is granted.  To the extent his requests exceed what the government is obligated to produce under these authorities, the motion is denied.

## III

In Shen's February 21, 2017 second motion for specific discovery, he moves under Rule 16 and *Brady* for 11 categories of discovery related to Alis, the canine whom  Officer Teichelman used.  The court has organized some of Shen's categories of evidence into subcategories for purposes of this memorandum opinion and order.

## A

### *Training and Certification Documents*

In request Nos. I-VII and X, Shen requests documents relating to the training and certification of Alis, including handler's logs, training records, testing and field logs, score

sheets, certification records, training standards and manuals, the list of drugs Alis was trained to alert on, and the training records of Alis' handler.

In response, the government refers to documents it has already produced, and lists one log that previously existed but was not retained after Alis retired.

To the extent Shen's request falls within the scope of Rule 16, the Jencks Act, *Brady*, or *Giglio*, because the government has agreed to produce responsive documents and information, the motion is denied as moot. Insofar as the government has already made a required disclosure, the motion is likewise denied as moot. To the extent his requests exceed what the government is obligated to produce under these authorities, the motion is denied.[5]

## B

### *False Alerts*

In request No. VIII, Shen requests any and all false alerts made by Alis.

The government objects to the use of the term "false alerts," because it is not defined. Subject to the objection, the government responds that "Teichelman recalls 'only a couple of times' when Alis alerted on a vehicle but no drugs were found. In both cases, Teichelman could smell drugs." Gov't Resp. 3.

To the extent Shen's request falls within the scope of Rule 16, the Jencks Act, *Brady*,

---

[5]Shen moved to continue the hearing on defendants' motions to suppress on the basis that he had not yet received adequate records to determine the canine's training, certification, and reliability, and thus to establish the canine's reliability or lack thereof. The court denied the motion, concluding that, if it determines that the government is obligated to provide further discovery before the court can decide the suppression motions, it can grant appropriate relief, including reconvening the hearing after the discovery is provided.

or *Giglio*, because the government has agreed to produce responsive documents and information, the motion is denied as moot. Insofar as the government has already made a required disclosure, the motion is likewise denied as moot. To the extent his requests exceed what the government is obligated to produce under these authorities, the motion is denied.

C

*Methods for Alerting*

In request No. IX, Shen requests a full description of Alis' methods for alerting.

The government responds by describing Alis' primary way of signaling an alert—to sit—and other methods. The government also refers to documents it has produced.

To the extent Shen's request falls within the scope of Rule 16, the Jencks Act, *Brady*, or *Giglio*, because the government has agreed to produce responsive documents and information, the motion is denied as moot. Insofar as the government has already made a required disclosure, the motion is likewise denied as moot. To the extent his requests exceed what the government is obligated to produce under these authorities, the motion is denied.

D

*Veterinary Records*

In request XI, Shen requests all veterinary records for Alis.

The government objects that this request seeks the production of documents and information beyond what is required by Rule 16, *Brady* and its progeny, or other relevant authority. Subject to the objection, the government responds that Alis' veterinarian was Dr. Fuston in Childress, Texas; that CPD does not currently possess Alis' veterinary records

because CPD no longer owns her; and that Alis was not sick and did not experience hip problems while Officer Teichelman worked with her. The government also refers to documents that it has already produced.

To the extent Shen's request falls within the scope of Rule 16, the Jencks Act, *Brady*, or *Giglio*, because the government has agreed to produce responsive documents and information, the motion is denied as moot. Insofar as the government has already made a required disclosure, the motion is likewise denied as moot. To the extent his requests exceed what the government is obligated to produce under these authorities, the motion is denied.

IV

The court now turns to Esteve's discovery motions. In his October 20, 2016 discovery motion, Esteve moves for 13 categories (including subcategories) of discovery. The court has organized some of Esteve's categories of evidence into subcategories for purposes of this memorandum opinion and order.

A

*Rule 16 Evidence*

In requests Nos. 1-3, 11, and 12, Esteve requests that the government be ordered to disclose information or evidence as required by Rule 16(a)(1)(A)-(D). In request No. 1, Esteve requests that the government be ordered to disclose any oral, written, or recorded statements made by Esteve within the possession, custody, or control of the government, including any statements made to government agents or law enforcement officers before or after Esteve's arrest. Esteve requests in request No. 2 that the government be ordered to

disclose all books, papers, documents, photographs, tangible objects, or copies or portions thereof, within the possession, custody, or control of the government that are material to the preparation of Esteve's defense, or are intended to be used in the government's case-in-chief, or were obtained from or belong to Esteve. This request includes any checks and other securities, computers, programs, software, diskettes, printers, check stock, counterfeit payroll, chemicals, fingerprints, handwriting exemplars, identification, bank statements, and other potential evidence. In request No. 3, Esteve requests that the government be ordered to disclose any results or reports of all physical or mental examinations and of scientific tests or experiments conducted by the federal or state government in connection with the investigation of this case, and any related state investigation of Esteve, including all fingerprints or handwriting reports, and results compiled by, and who examined, known fingerprints, palm prints, or handwriting exemplars of Esteve and compared them to questioned specimens. This request includes any chemical analysis of narcotics and reports generated from tests, and a request to review the reports of polygraph tests administered to participating government informants.[6] Esteve requests in request No. 11 that the government be ordered to disclose any information or evidence gained by electronic surveillance, including wiretaps, videotapes, and tape recorded conversations, or the like, concerning Esteve, any alleged coconspirators or codefendants, and/or any witness. In request No. 12,

_____

[6]*See infra* at § IV(D) for discussion of disclosure of any informant's identity.

Esteve requests that the government be ordered to disclose a copy of his prior criminal record, including the disposition of the cases.

To the extent that Esteve requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(D), 12(b)(4), and 26.2, *Brady* and its progeny, *Giglio* and its progeny, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § VII.

B

*Impeachment Evidence*

Esteve requests in request No. 4 that the government be ordered to disclose any evidence that may be used to impeach any government witness, including any evidence that may be used to substantially impeach the credibility of any key government witness and any government witness' prior criminal record or other prior material acts of misconduct. In request No. 5, Esteve requests that, pursuant to Fed. R. Evid. 613, the government be ordered to disclose all information that it has regarding inconsistent statements of any witness it may call at trial. In request No. 6, Esteve requests that, pursuant to Fed. R. Evid. 607 and 608, the government be ordered to disclose any information regarding the untruthfulness of any government witness that it may call at trial. He requests in request No. 7 that the government be ordered to disclose any information known to the government, or that may become known by searching its files and the files of other government agencies, regarding the use of

narcotics by any government witness at the time of events or at the trial, and any psychiatric examinations administered to any informant witness.[7]

To the extent Esteve requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

## C

*Government Investigation Notes*

In request No. 8, Esteve requests that the government be ordered to disclose any notes, tapes, and/or memoranda made by a government agent, including any person who may have been acting as an informer, or in an investigative or undercover capacity.[8] Esteve also requests that, if such notes, tapes, and/or memoranda were once in existence but have since been destroyed, the government be ordered to disclose the purpose and exact information surrounding their destruction, and if such items have not been destroyed, the government be ordered to preserve such items.

To the extent Esteve requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion

---

[7]*See infra* at § IV(D) for discussion of disclosure of any informant's identity.

[8]*See infra* at § IV(D) for discussion of disclosure of any informant's identity.

is denied.  The court grants Esteve's request that the government be required to preserve such notes, tapes, and/or memoranda, even if such materials are not disclosed to Esteve.

## D

### *Government Communications to Esteve*

In request No. 9, Esteve requests that the government be ordered to disclose whether any government agent, informer, or anyone else acting at the direction of the government has communicated with him since the commencement of adversarial proceedings against him in this case or any related state case.  Esteve further requests that the government be ordered to disclose the identification of any such individuals and details regarding the circumstances of such communications, as well as any statements made by him or any government agent.

If the government has used an informant in investigating or prosecuting Esteve, it must notify the court *in camera* no later than May 10, 2017.  With respect to other individuals, to the extent Esteve requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted.  To the extent his requests exceed what is required by these authorities, the motion is denied.  The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § VII.

## E

### *Witness Statements*

In request No. 10, Esteve requests that the government be ordered to disclose any witness statements at least 48 hours before the witness testifies at trial or at any sentencing

hearing. Esteve requests disclosure of any witness' prior testimony (such as grand jury testimony), prior written statements, and reports or notes, any reports of prior oral statements, and any prosecutor's notes concerning witness statements, that have been or may be adopted, approved, or verified by the witness. Esteve also requests that the government be ordered to produce any exculpatory witness statements, negative exculpatory witness statements, and evidence concerning narcotic habits or psychiatric treatment of any government witness. Esteve also seeks to discover the personnel files of any government witness that may contain evidence material to the preparation of a defense or contain *Brady* or *Giglio* material.

To the extent Esteve requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The court denies Esteve's request regarding the production deadline for witness statements. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *Khoury*, 2014 WL 6633065, at *5. "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id.* Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § VII.

# F

## Brady *Material*

Esteve requests in request No. 13 that the government be ordered to disclose any exculpatory and favorable evidence, as required by *Brady*, known to the government, or any other persons working with the government, or that may become known with due diligence. Esteve lists 12 subcategories of evidence that he maintains would be exculpatory. He also requests that the government's attorney examine his files and question the government's agents, informants, or other persons working with the government in this case concerning their knowledge of any such evidence or materials. Esteve also requests that he be allowed to question the government's attorney and agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

To the extent Esteve requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent his requests exceed what *Brady* requires, the motion is denied.

# V

## *Summary of Opinion Testimony under Rule 16(a)(1)(G)*

In Esteve's October 20, 2017 motion for discovery under Rule 16(a)(1)(G), he requests a summary of any opinion testimony that the government intends to offer under Fed. R. Evid. 702, 703, or 705. Esteve requests that the summary include the witness' opinions, bases and reasons, and qualifications; and that such a summary be provided for any expert,

whether or not scientific, who may offer opinion testimony, including law enforcement agents and summary witnesses.

The government has not responded to Esteve's motion.

To the extent the government has agreed to comply with Rule 16(a)(1), the motion is denied as moot. The court grants the motion to the extent that the government must also comply with its obligations under *Brady* and *Giglio*. To the extent Esteve requests greater relief, his motion is denied. The court orders the government to comply with Rule 16(a)(1)(G) no later than the deadline specified *infra* at § VII.

VI

*Extraneous Acts*

In Esteve's October 20, 2016 motion for discovery relating to extraneous acts, he moves to compel the government to disclose evidence of any prior convictions, alleged violations of the law not alleged in the indictment, or extraneous acts allegedly done by Esteve or a coconspirator in this case.

The government has not responded to Esteve's motion.

To the extent the government has agreed to comply with Rule 16(a)(1), the motion is denied as moot. The court grants the motion to the extent that the government must comply with Rule 16 and Rule 404(b). The government must make any disclosures required by Rule 404(b) no later than the deadline specified *infra* at § VII.

VII

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than June 9, 2017.[9]

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which a defendant will begin his cross-examination of a witness.

VIII

In the government's motions for discovery, it maintains that it has complied or is in the process of complying with defendants' requests for disclosure under Rule 16(a)(1), and it moves the court to order defendants to comply with Rule 16(b). Defendants have not responded to the motions.

To the extent the government has complied with Shen and Esteve's requests for disclosure under Rule 16(a)(1), the court grants the motion; otherwise, the motion is denied.

---

[9]If the court later determines that the hearing on the suppression motions should be reconvened after the government produces additional discovery regarding the canine, *see supra* note 5, it may set a production deadline related to the suppression motions that precedes June 9, 2017.

Shen and Esteve must make the required disclosures no later than the deadline specified *supra* at § VII.

**SO ORDERED**.

April 19, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE